IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD TOLEDO,

    Plaintiff,

vs.                                                   Civ. No. 25-272 KG/SCY

SEONGSOO KIM, SJY TRANSPORTATION,
and PROGRESSIVE INSURANCE COMPANY,

    Defendants.

## ORDER TO SHOW CAUSE

On April 1, 2025, the Court ordered Defendants SJY Transportation and National Continental Insurance to file corporate and citizenship disclosure statements "no later than 21 days of the date of this Order." Doc. 6 at 2. That period expired on April 22, 2025. To date, Defendants have not filed these disclosure statements.

The burden of establishing jurisdiction is on the removing party. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). The Court previously noted that the allegations in the Notice of Removal are insufficient to sustain federal jurisdiction. Doc. 6 at 2 n.1 The Notice of Removal lacks an allegation as to the state of incorporation of Defendant SJY Transportation. Doc. 1 ¶ 16. A citizenship disclosure statement would have cured this deficiency, but Defendants have not filed one.

The Court notes a second jurisdictional problem. The Notice of Removal adequately alleges the citizenship of National Continental Insurance. But the complaint names a defendant called "Progressive Insurance Company." Doc. 1-1 at 1. The Notice of Removal contends that Progressive is "incorrectly identified" and the proper defendant who issued the policy is National Continental Insurance Company. Doc. 1 ¶¶ 4, 17. It is possible that National Continental is the defendant Plaintiff intended to sue, or the defendant which should have been sued based on the applicable insurance policy. It is also true that "courts routinely grant motions or stipulations to

amend case captions (or amend the caption sua sponte) when a party has merely been misnamed or when a party's name is misspelled." *DCP Operating Co., LP v. Travelers Indem. Co.*, No. 24cv628 SMD/KRS, 2025 WL 404906, at *3 (D.N.M. Feb. 5, 2025) (internal quotation marks omitted).

But as *DCP Operating Co.* observes, the Court cannot just accept Defendant's unilateral assertions. No motion or stipulation to amend the case caption has been filed here, and the Court cannot act sua sponte given that Plaintiff's intent regarding the identity of the defendant is unclear. Therefore, the Court must evaluate its jurisdiction on the basis of the named parties in the Complaint. The Notice of Removal lacks any allegations as to the citizenship of Defendant Progressive Insurance Company. It is therefore insufficient to allege diversity jurisdiction.

Because jurisdiction has not been established, the Court vacates the deadlines and settings in the Initial Scheduling Order, Doc. 7, to include vacating the Rule 16 scheduling conference set for May 22, 2025. The Court will reset this conference and other initial scheduling deadlines if Defendants sufficiently establish jurisdiction.

THEREFORE, IT IS ORDERED THAT Defendants SJY Transportation and National Continental Insurance shall show cause by **May 15, 2025** regarding (1) their failure to comply with the Court's April 1 order and (2) the basis for the Court's diversity jurisdiction in light of the deficiencies outlined above. If Defendants fail to timely show cause, this case may be remanded to state court without further notice.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE