IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD TOLEDO,

      Plaintiff,

vs.                                  Civ. No. 25-272 KG/SCY

SEONGSOO KIM at al.,

      Defendants.

### ORDER SETTING CASE MANAGEMENT DEADLINES AND DISCOVERY PARAMETERS

**THIS MATTER** came before the Court on a Rule 16 scheduling conference held on May 22, 2025. The Court reviewed the attorneys' Joint Status Report and Provisional Discovery Plan (Doc. 12), and after conferring with counsel, adopts it as modified in this order. The Court will permit the following discovery:[1]

    a)    Maximum of 30 Interrogatories by each party to any other party;

    b)    Maximum of 30 Requests for Admission by each party to any other party;

    c)    Maximum of 10 Depositions per side; and

    e)    Depositions, other than parties and experts, are limited to 4 hours each unless stipulated otherwise.

---

[1] Service of interrogatories, requests for production, or requests for admission shall be considered timely only if the responses are due prior to the deadline. A notice to take a deposition shall be considered timely only if the deposition takes place prior to the discovery deadline.

*All* opposed discovery-related motions—including those not covered by D.N.M.LR-Civ. 26.6, such as motions to compel related to depositions or motions for a protective order under Fed. R. Civ. P. 26(c)—must be filed within 21 days of the disclosure, response, answer, or objection that is the subject of the motion, unless the parties agree to extend this deadline or the Court extends the deadline. The Court expects the parties to liberally agree to extend this deadline when the parties are actively engaged in communication to resolve the dispute.

The Court has set the following case management deadlines:

a) Deadline for Plaintiff to move to add additional parties and to amend pleadings[2]: May 23, 2025

b) Deadline for Defendant to move to add additional parties and to amend pleadings[2]: June 23, 2025

c) Plaintiff's Rule 26(a)(2) expert disclosure[3]: October 24, 2025

d) Defendant's Rule 26(a)(2) expert disclosure[3]: November 24, 2025

e) Termination date for discovery: January 15, 2026

f) Motions relating to discovery to be filed by: February 5, 2026

g) Pretrial motions other than discovery motions[4] filed by: February 17, 2026

Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery.

_____
STEVEN C. YARBROUGH
United States Magistrate Judge

---

[2] Federal Rule of Civil Procedure 16 requires that the Court set a deadline for amendment of pleadings and joinder of parties. A party seeking to amend the pleadings after the above dates must both demonstrate good cause to amend the scheduling order as required by Federal Rule of Civil Procedure 16(b) and satisfy the requirements for amendment under Federal Rule of Civil Procedure 15(a). *See, e.g.*, *Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014).

[3] Parties must disclose the names of all expert witnesses, including treating physicians, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date. *See* Fed. R. Civ. P. 26(a)(2). The parties must have their retained expert(s) ready to be deposed at the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[4] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The presiding judge will set a motions in limine deadline in a separate order, as well as the pretrial order deadlines.